UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 26, 2021

LETTER TO THE PARTIES

RE: *Cassandra G. v. Kijakazi*[1]
Civil No. DLB-20-1302

Dear Counsel:

On May 26, 2020, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. I have considered the parties' cross-motions for summary judgment. Pl.'s Mem., ECF 13; Def.'s Mem., ECF 16. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claims for benefits on April 4, 2017, alleging in each a disability onset date of December 12, 2016. Tr. 152.[2] Her claims were denied initially and on reconsideration. Tr. 241–42, 271–72. An Administrative Law Judge ("ALJ") held a hearing on April 9, 2019. Tr. 130–96. Following that hearing, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12–33. Because the Appeals Council denied plaintiff's request for review, Tr. 1–4, the ALJ's decision became the

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. *Office of the Commissioner*, SOC. SEC. ADMIN., www.ssa.gov/org/coss.htm (last visited July 21, 2021). Pursuant to the last sentence of 42 U.S.C. § 405(g), actions brought under that Section "survive notwithstanding any change in person occupying the office of the Commissioner of Social Security." Substitution of the successor as the party in interest is automatic. Fed. R. Civ. P. 25(d).

[2] In plaintiff's application for DIB, plaintiff listed an onset date of December 12, 2016. Tr. 398. However, plaintiff appears to have alleged disability beginning in 1997 in her application for SSI. Tr. 402. At the hearing, the ALJ and plaintiff agreed her alleged date of disability is December 12, 2016. Tr. 152. Because the precise alleged onset date is immaterial to the resolution of this appeal, I credit December 12, 2016, as plaintiff's alleged onset date.

*Cassandra G. v. Kijakazi*
Civil No. DLB-20-1302
July 26, 2021
Page 2

final, reviewable decision of the agency, *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

The ALJ found plaintiff severely impaired by "diabetes mellitus with peripheral neuropathy, obesity, bipolar disorder, schizoaffective disorder, and schizophrenia." Tr. 18. Despite these impairments, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally balance on uneven surfaces, and occasionally stoop, kneel, crouch, or crawl. She must work in a temperature-controlled environment with no unprotected heights or dangerous machinery, and can only be exposed to a moderate noise level per the Dictionary of Occupational Titles (DOT). She will be off task 10% of the time. She can have occasional interaction with supervisors and coworkers, and can never interact with the public. There can be few changes in the routine work setting, and she can make only simple, work-related decisions.

Tr. 22. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform her past relevant work as an administrative assistant, Tr. 31–32, but could perform other jobs existing in significant numbers in the national economy, Tr. 32–33. Accordingly, the ALJ concluded plaintiff was not disabled. Tr. 33.

On appeal, plaintiff argues: (1) the ALJ erred in failing to explain plaintiff's specific off-task limitation of 10 percent, and (2) the ALJ erred in closing the record prior to plaintiff's submission of medical records from a medical provider. Pl.'s Mem. 6–8. The Commissioner argues the ALJ properly formulated plaintiff's RFC and did not err in closing the record prior to plaintiff's submission of the records at issue. Def.'s Mem. 5–12. I agree with plaintiff that the ALJ failed to explain her conclusion regarding plaintiff's off-task limitation. Accordingly, I remand, but I express no opinion as to plaintiff's ultimate entitlement to benefits.

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). "The second component, the ALJ's logical explanation, is just as important as the other two." *Id.* Accordingly, "[t]o pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions." *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)) (internal citation omitted).

Here, the ALJ concluded plaintiff would have some limitation in her ability to stay on task. Tr. 20–21 (discussing plaintiff's moderate limitation in concentration, persistence, or pace). During the RFC discussion, the ALJ cited evidence indicating plaintiff's impairments inhibited her ability to maintain concentration, persistence, or pace in work settings. Tr. 22–31. It appears the ALJ concluded plaintiff's limitation required a coordinate limitation in her RFC because the ALJ found plaintiff would be off task ten percent of the time. Tr. 22. Yet, nowhere in the RFC

*Cassandra G. v. Kijakazi*
Civil No. DLB-20-1302
July 26, 2021
Page 3

discussion did the ALJ explain how the evidence connected plaintiff's ability to stay on task to a specific, ten-percent finding. *See* Tr. 22–31. Further, exactly how much time plaintiff would be off task while working materially affects plaintiff's claim because the VE testified that fifteen percent of time off task would preclude competitive employment. Tr. 190. Because the ALJ failed to explain how the record supported her conclusion that a ten percent off-task limitation accounted for plaintiff's ability to remain on task, remand is necessary. *See, e.g.*, *Bibey v. Saul*, No. 19-cv-2690-JMC, 2020 WL 7694552 (D. Md. Dec. 28, 2020) ("an ALJ is not required to determine a percentage of time off-task…[but] where, as here, the evidence substantiates difficulty with sustained concentration and the ALJ renders a conclusion regarding a precise percentage, the ALJ must explain and support that conclusion with substantial evidence") (citing *Kane v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1252, 2018 WL 2739961, at *2 n.2 (D. Md. May 14, 2018)).

The Commissioner's contention that the ALJ considered the record is beside the point. *See* Def.'s Mem. 5–10. The issue in this case is not whether the ALJ's RFC analysis contained citations to "evidence" or a specific "conclusion." *See Thomas*, 916 F.3d at 311. The issue is that the ALJ's RFC analysis is missing the "explanation"—a component that "is just as important as the other two." *Id.*; *see* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing *how* the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations.")) (emphasis added). The ALJ did not explain how plaintiff's impairments would cause her to be off task ten percent of the workday, as opposed to five, fifteen or twenty percent of the workday. Without a narrative explanation of how the evidence supports the ALJ's seemingly arbitrary conclusion that plaintiff would be off task ten percent of the workday, the Court cannot engage in meaningful substantial evidence review. *See Monroe*, 826 F.3d at 191. Accordingly, remand is necessary.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 13, is denied, and the Commissioner's motion for summary judgment, ECF 16, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/
Deborah L. Boardman
United States District Judge